IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AARON GABRIELSON, STEVE KISSNER, and BLU GRAY, <br><br> Plaintiffs, <br><br> v. <br><br> EMORY DRY ICE, INC. EMORY INDUSTRIAL SERVICES, INC., EMORY INDUSTRIAL HOLDINGS, INC., AND JAMES PULSIPHER <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> Case No. 4:25-cv-586 |

## COMPLAINT

Aaron Gabrielson ("Gabrielson"), Steve Kissner ("Kissner"), and Blu Gray ("Gray" together with Gabrielson and Kissner, the "Plaintiffs") file this Complaint against Defendants Emory Dry Ice, Inc., Emory Industrial Services, Inc., Emory Industrial Holdings, Inc., (the "Company Defendants") and James Pulsipher ("Pulsipher" together with the Company Defendants referred to as the "Defendants") and would respectfully show the Court as follows:

### I.     PARTIES

1.     Plaintiff Aaron Gabrielson is an individual residing in Heber City, Utah.

2.     Plaintiff Steve Kissner is an individual residing in Grand Junction, Colorado.

3.     Plaintiff Blu Gray is an individual residing in Grand Junction, Colorado.

4.     Defendant Emory Dry Ice, Inc. is a Delaware corporation with its principal office and place of business located at 402 S. 7th Street, Abilene, Texas 79602 and may be served by serving its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever it may be found. Defendant Emory Dry Ice, Inc. is a subsidiary and/or

related company to Defendant Emory Industrial Holdings, Inc.

5. Defendant Emory Industrial Services, Inc. is a Delaware corporation with its principal office and place of business located at 402 S. 7th Street, Abilene, Texas 79602 and may be served by serving its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever it may be found. Defendant Emory Industrial Services, Inc. is a subsidiary and/or related company to Defendant Emory Industrial Holdings, Inc.

6. Defendant Emory Industrial Holdings, Inc. is a Delaware corporation with its principal office and place of business located at 402 S. 7th Street, Abilene, Texas 79602 and may be served by serving its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever it may be found.

7. Defendant James Pulsipher is an individual residing in Denton County, Texas; and may be served at 3093 Whispering Oaks Drive, Highland Village, Texas 75077, or wherever he may be found.

## II.     JURISDICTION AND VENUE

8. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 USC 1391(b)(1) as all Defendants reside in Texas and Defendant Pulsipher resides in the Northern District of Texas.

9. The Court has jurisdiction over this matter because pursuant to 28 USC 1332. Complete diversity exists between the parties and the amount in controversy exceeds $75,000.

## III.     BACKGROUND FACTS

10. On or around April 11, 2024, Defendants contacted Plaintiffs with what Defendants presented as an investment opportunity. Specifically, Pulsipher presented Plaintiffs with a series of short-term loans between Plaintiffs and Company Defendants that Pulsipher represented were

low risk with a high yield "for those who can act quickly." At the time, Pulsipher was Company Defendants' Executive Vice President of Internal Operations. From his company email address on Company Defendants' server, Pulsipher represented to Plaintiffs that the loans, totaling $1,100,000 (the "Loans") were "[s]uper time sensitive", "return of investment is May 3, 2024", Plaintiffs would get 10% on the Loans equal to an annualized return of over 180%, and Company Defendants are "pledging all assets for the [Loans] (net value about $16M)" and a "first deed of trust on land owned ($2.5M market value)." Pulsipher further expressly stated that the Loans were "an over collateralized transaction that will repay short term."

11. Based on Pulsipher's representations on behalf of the Company Defendants, Plaintiffs entered into the following three promissory notes with Defendants:

- Promissory Note in the principal amount of $200,000.00 issued April 12, 2024 entered into between Borrower and Gabrielson (the "Gabrielson Note");

- Promissory Note in the principal amount of $500,000.00 issued April 12, 2024 entered into between Borrower and Kissner (the "Kissner Note"); and

- Promissory Note in the principal amount of $400,000.00 issued April 12, 2024 entered into between Borrower and Gray (the "Gray Note").

Collectively, the above three promissory notes are referred to herein as the "Notes."

12. In addition to the representations made by Pulsipher, the Notes also pledged a first priority security interest in Defendants' and its subsidiaries' fixed assets. Defendants further expressly promised that "[f]or so long as indebtedness is outstanding pursuant to [the Notes], [Defendants] and its subsidiaries shall collectively have an amount of fixed asset equity that is not subject to any security interest (other than a security interest in favor of [Plaintiffs]) equal to at least the outstanding principal balance of [the Notes]."

13. To date, Defendants have inexplicably refused to honor their promises in the Notes and failed to pay Plaintiffs the principal balance and interest. In fact, Defendants have not paid *any*

of the funds it owes to Plaintiffs, and Defendants are in default pursuant to the terms of the Notes.

14. Further, the promises Pulsipher made regarding the Loans were false. Indeed, Plaintiffs now understand that Company Defendants never had the assets Pulsipher promised were pledged as collateral for the Loans and never intended to maintain the promised assets to repay the Loans. Despite Defendants' affirmative representations, the Notes were not over collateralized and were, in fact, under collateralized such that Company Defendants never has sufficient collateral to cover the Notes. Moreover, Company Defendants fraudulently transferred and/or sold any assets that Company Defendants did have pledged as collateral, further breaching their promises and contractual obligations.

15. Defendants intentionally misrepresented and fabricated the material terms of the Loans to induce Plaintiffs into acting quickly and executing the Notes. Pulsipher, on behalf of Company Defendants and for his own personal gain, fraudulently induced Plaintiffs into the Notes through his misrepresentations and false promises. Company Defendants furthered Defendants' fraudulent scheme by making false statements in the Notes, including, but not limited to, that they would maintain a first priority security interest in Defendants' and its subsidiaries' fixed assets and they would maintain such assets as security for their payment obligations.

16. By perpetrating their deceptive scheme through Plaintiffs, Defendants have directly caused Plaintiffs significant financial harm and forced Plaintiffs to protect their legal rights by filing this Complaint against Defendants.

## IV.  CAUSES OF ACTION

**A.  Breach of Contract.**

17.  Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs.

18.  The Notes are valid and enforceable. Plaintiffs fully, and in all things, performed their part of the Notes. Company Defendants materially breached the Notes by failing to repay principal and interest when due.

19.  As a result of Company Defendants' breach, Plaintiffs are entitled to the unpaid principal amount plus interest.

20.  Plaintiffs have been damaged by Company Defendants' breach of the Notes in the principal amount of One Million One Hundred Thousand and 00/100 Dollars ($1,100,000.00), plus interest calculated at 180% compounded annually and any other interest to which it is entitled.

**B.  Foreclosure of Security Interest.**

21.  Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs.

22.  Under the Notes, Defendants granted Plaintiffs security interests in the accounts receivable and their fixed assets.

23.  Further, upon Company Defendants' default, Plaintiffs have the right to foreclose on their security interests and to take possession of Company Defendants' assets, which was collateral for Company Defendants' obligations under the respective promissory notes.

24.  Plaintiffs therefore seek a declaration from the Court that they have valid and enforceable security interests in Company Defendants' assets. Plaintiffs further seek to foreclose those security interests in accordance with the laws of the State of Texas, and to remit the proceeds

of the sale, less all expenses incurred by Plaintiffs in connection with such sale, to be credited to the balance of the Judgment rendered against Defendants, for which they now sue.

**C.     Fraudulent Inducement into Contract.**

25.    Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs.

26.    Defendants made material misrepresentations regarding the Loans to induce Plaintiffs into signing the Notes, including, but not limited to, that the Loans were collateralized by assets exceeding $16 million in value in addition to an interest in real-estate valued at over $2.5 million.

27.    Defendants made the misrepresentations so the Plaintiffs would enter into the Notes, and Defendants intended for Plaintiff to rely on the misrepresentations.

28.    Plaintiffs justifiably relied on Defendants representations and only executed the Notes based on Defendants' affirmative statements, including that the Loans were "overcollateralized" and offered substantial profits for those who could "act quickly."

29.    Plaintiffs suffered significant financial harm directly due to Defendants' misrepresentations and fraudulent scheme.

**D.     Fraud.**

30.    Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs.

31.    Defendants made material misrepresentations regarding the Loans to induce Plaintiffs into signing the Notes, including, but not limited to, that the Loans were collateralized by assets exceeding $16 million in value in addition to an interest in real-estate valued at over $2.5 million. Defendants never intended on satisfying their promises regarding security for the Loans.

32. Defendants made the misrepresentations so the Plaintiffs would enter into the Notes and send to Defendants $1,100,000. Defendants intended for Plaintiff to rely on the misrepresentations.

33. Plaintiffs justifiably relied on Defendants representations and only executed the Notes based on Defendants' affirmative statements, including that the Loans were "overcollateralized" and offered substantial profits for those who could "act quickly."

34. Plaintiffs suffered significant financial harm directly due to Defendants' misrepresentations and fraudulent scheme.

## V.   CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiffs' recovery have been performed or have occurred.

## PRAYER

For the reasons stated, Plaintiffs pray that Defendants be cited to appear and answer herein, and that on final hearing, Plaintiffs Aaron Gabrielson, Steve Kissner, and Blu Gray have judgment against Defendants for the following:

1. The unpaid principal amount of One Million One Hundred Thousand and 00/100 Dollars ($1,100,000.00);

2. Unpaid contractual interest in the amount of One Hundred Ten Thousand and 00/100 Dollars ($110,000.00) for the first three-week term;

3. Unpaid contractual interest at a rate of 180% compounded annually as promised by Defendants;

4. Reasonable and necessary attorneys' fees;

5. Post-judgment interest the highest rate allowed by law;

6. Costs of suit; and

7. Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**OTTESON SHAPIRO LLP**

By:  */s/ William P. Dunne III*
     William P. Dunne III
     Texas Bar No. 24097631
     wdunne@os.law
     Direct Dial:  (214) 619-8556

4851 Lyndon B. Johnson Freeway, Suite 650
Dallas, Texas  75244
Telephone:  (214) 619-8309

**ATTORNEY FOR PLAINTIFFS**